UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI OFFICE

| | |
|---|---|
| JANE DOE, <br> c/o THE SAMMARCO LAW FIRM <br><br>     Plaintiff <br> vs. <br><br> CARROLS CORPORATION, <br> D.B.A. BURGER KING <br><br> And <br><br> JASON LINDSEY <br><br> And <br><br> JOHN DOES 1 THROUGH AND INCLUDING 10, <br><br>     Defendants | Case #: <br><br> Judge: |

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS
TITLE VII, AND PENDENT/ ANCILLARY CLAIMS
DEMAND FOR TRIAL BY JURY**

Now Comes Plaintiff, by and counsel, bring this action against the Defendants and allege as follows:

**JURISDICTION & VENUE**

1.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and Title VII, and (Federal Question) and 28 U.S.C. §1343 (Civil Rights) and pursuant to its pendent and ancillary jurisdiction over related state causes of action. Venue lies in the Southern District of Ohio, the judicial district in which the claim arose pursuant to 28 U.S.C. § 1391. The Plaintiffs further invoke

1

the pendent jurisdiction of this Court to hear and consider claims also arising under the state laws of Ohio. The matter in controversy exceeds, exclusive of interest, the sum of SEVENTY-FIVE THOUSAND U.S. DOLLARS ($75,000.00).

2. This Court has jurisdiction over Defendants because Defendants transact business and are located in this division and district.

3. Venue is proper in the Southern District Court of Ohio, Western Division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to these claims occurred in this Division and District.

4. On March 6, 2024, Plaintiff filed a timely charge of discrimination against Defendants Carrols Corporation, d.b.a. Burger King with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2024-01252. The EEOC issued a Notice of Right to Sue dated November 1, 2024, received on November 6, 2024. As such Plaintiff has exhausted her administrative remedies under Title VII.

## PARTIES

5. The allegations contained in the Jurisdiction paragraphs are incorporated by reference as if fully rewritten herein.

6. Plaintiff is an 18 year old female and former employee of Defendant Carrols Corporation, d.b.a. Burger King (hereinafter referred to as "Burger King"). Upon acceptance of this Complaint for filing, Plaintiff will move this court to proceed under the pseudonym "Jane Doe," as she is the victim of childhood sexual abuse and publicity of her true identity will cause further unwarranted trauma to her. Plaintiff's true identity is known to Defendants or will be made known to them upon request to Plaintiff's counsel.

7. Defendant Carrols Corporation is a corporation licensed to do business in Ohio and doing business at Burger King at 5093 College Corner Pike, Oxford, Ohio 45056. At all times relevant hereto, Defendant Carrols Corporation d.b.a. Burger King was an employer as defined by Title VII, and Ohio Revised Code, Title 41.

8. Defendants John Does 1 through 10 are individuals or entities whose names and addresses could not be determined by Plaintiff prior to filing this lawsuit through exercise of due diligence.

9. At all times relevant hereto, Defendants John Does 1 through 10 were either employers of Plaintiff, or agents, principals, and/or managers of Defendant Burger King.

10. At all times relevant hereto, Defendant Burger King had 15 or more employees during the relevant period.

11. The actions of the Defendants and their agents and employees were within the course and scope of their employment or agency and were undertaken because of discrimination based on sex, and retaliation.

## STATEMENT OF FACTS

12. The allegations contained in all prior paragraphs are incorporated by reference as if fully rewritten herein.

13. Plaintiff is a female who was hired by Defendant Burger King as a fast food worker on or about May 23, 2023.

14. Plaintiff was a minor on the date of her hire by Defendant Burger King.

15. On the date of filing of this complaint, it is within 1 year of plaintiff reaching the age of majority.

16. From the date of her interview, through the time she was employed by Defendant Burger King, Defendant by and through their manager, Jason Lindsey, began asking Plaintiff if she was interested in having a "sugar daddy."

17. Upon the date of Plaintiff's start date and thereafter, Defendant, by and through Jason Lindsey, induced Plaintiff to take pictures of herself showing her private parts.

18. Defendant Lindsey instructed Plaintiff to go into the bathroom at work, take pictures of herself and then send the pictures to him using snapchat or other electronic platform.

19. Lindsey then paid Plaintiff for these pictures, and transferred the funds via Cash App.

20. During the operation of Burger King, other illegal conduct was permitted to be conducted by employees including sale of marijuana. Defendant Burger King was aware that employees, were conducting such business out of the Burger King in Oxford, including but not limited to Lindsey.

21. Lindley has a history of sexual conduct with employees who are minors.

22. Defendant Burger King was award of Lindley's prior conduct, including having a relationship with another underage female(s).

23. The following conduct occurred at the Oxford Burger King during the time Plaintiff was employed:

   a) Mr. Lindsey solicited minor girls to send him pictures of their bodies in various sexual and lascivious poses.

   b) Mr. Lindsey paid these minor girls for the pictures via use of CashApp.

   c) Mr. Lindsey instructed these minor girls to take pictures in the bathroom at Burger King while they were working.

d) Mr. Lindsey engaged in the possession and sale of marijuana and other controlled substances on the premises of Burger King. He conspired with others in this conduct as well.

e) Mr. Lindsey allowed minor employees, both male and female, to smoke marijuana at the Burger King property during their work hours and off work hours.

f) Mr. Lindsey solicited minor girls who did not work for Burger King for pictures and paid them for the pictures while he was at work for Burger King.

g) Mr. Lindsey interacted with the minor girls on various social media platforms including FaceBook, Instagram, SnapChat inappropriate and sexual in content.

24. Defendant Burger King had actual and constructive knowledge of the conduct described above.

25. Defendant Burger King was negligent in the hiring, training, and supervising of their managers and employees, including but not limited to Defendant Lindsey.

26. On or about June 10, 2023, Plaintiff left the employment of Defendant Burger King.

27. As a direct and proximate result of Defendants' conduct, sexual harassment and abuse, Plaintiff suffered severe mental and emotional injuries which required treatment.

28. As a direct and proximate result of the actions and inactions of Defendants, and each of their actions or inactions, Plaintiff has suffered damages in the form of lost wages, future wages, benefits, physical and emotional distress, and other damages to be proven at trial.

## FIRST CAUSE OF ACTION: TITLE VII

### [Against Defendant Carrols Corporation D.B.A. Burger King]

29. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

30. Defendant's actions were severe and pervasive such that they constitute harassment and created a hostile work environment.

31. Defendants and each of them have violated Plaintiff's right to be free of sex discrimination under Title VII of the Civil Rights Act of 1964 as amended 42 USC Section 2000e et seq.

32. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in the form of past lost wages, past pain and suffering, past emotional distress, and will continue to suffer these damages in the future.

## SECOND CAUSE OF ACTION: O.R.C. CHAPTER 4112

### [Against Defendant Carrols Corporation D.B.A. Burger King]

33. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs,

34. Defendant's actions were severe and pervasive such that they constitute harassment and created a hostile work environment.

35. Defendants have discriminated and retaliated against Plaintiff on the basis of sex and gender in violation of O.R.C. 4112.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in the form of past lost wages, past pain and suffering, past emotional distress, and will continue to suffer these damages in the future.

# THIRD CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**[Against All Defendants]**

37. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

38. Defendants jointly and severally have intentionally inflicted emotional distress upon the Plaintiff when they verbally and aggressively confronted her, causing Plaintiff to fear physical and emotional consequences from Defendants regarding the sexual abuse and harassment, as well as the exposure to unlawful conduct identified in this complaint, and constructively terminating her.

39. Defendants intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress.

40. Defendants' conduct was extreme and outrageous.

41. Defendants' action proximately caused Plaintiffs injury.

42. The mental anguish Plaintiff suffered was serious.

43. As a direct and proximate result of the actions of Defendants, Plaintiff has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred emotional distress and will continue to endure emotional distress; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; and has suffered damages for the lost enjoyment of life; and lost wages, both past and future.

## FOURTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### [Against All Defendants]

44. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

45. Defendants jointly and severally have intentionally inflicted emotional distress upon the Plaintiff when they verbally and aggressively confronted her, causing Plaintiff to fear physical and emotional consequences from Defendants regarding the sexual abuse and harassment, as well as the exposure to unlawful conduct identified in this complaint, and constructively terminating her.

46. Defendants knew or should have known that actions taken would result in serious emotional distress. Emotional distress was a foreseeable outcome of Defendants' conduct.

47. Defendants' conduct was extreme and outrageous.

48. Defendants' action proximately caused Plaintiffs psychic injury.

49. The mental anguish Plaintiff suffered was serious.

50. As a direct and proximate result of the actions of Defendants, Plaintiff has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred emotional distress and will continue to endure emotional distress; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; and has suffered damages for the lost enjoyment of life; and lost wages, both past and future.

## FIFTH CAUSE OF ACTION: RETALIATORY DISCHARGE/DISCRIMINATION (CONSTRUCTIVE DISCHARGE)

### [Against Defendant Carrols Corporation D.B.A. Burger King]

51. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

52. Defendant's actions as set forth above constituted retaliation against Plaintiff due to her reporting safety, ethical and legal violations, discrimination based on sex.

53. As a result of said retaliation, Plaintiff has lost her employment and suffered and continues to suffer economic and psychological damages.

54. As a direct and proximate result of Defendants' retaliatory discharge, Plaintiff has suffered and will continue to incur lost wages, lost benefits, and lost educational reimbursement as well as other benefits.

## SIXTH CAUSE OF ACTION: NEGLIGENCE

### [Against All Defendants]

55. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

56. Defendants owed a duty to Plaintiff to treat her in a manner consistent with the terms and conditions of her employment, and to maintain a safe workplace, including but not limited to, not harassing, humiliating, intimidating, or threatening her.

57. Defendant breached their duty to Plaintiff.

58. As a direct and proximate result of their breach of duty, Plaintiff suffered and continues to suffer damages in the form of lost wages, lost benefits, emotional distress, damage to her reputation, lost earning capacity and other damages as proven at trial.

**WHEREFORE**, Plaintiff demands that the Court:

(A) Award Plaintiff compensatory damages in an amount to be shown at trial.

(B) Award Plaintiff punitive damages against each Defendant in an amount to be shown at trial.

(C) Award Plaintiff back pay, front pay, and employment benefits and other economic damages

(D) Emotional Distress, pain and suffering and other non-economic relief

(E) Order that Defendants be precluded from and cease and desist from making false statements regarding Plaintiff's truthfulness, honesty and trustworthiness, and other equitable relief.

(F) Award Plaintiff reasonable attorney's fees and costs and disbursements.

(G) Award Plaintiff pre and post judgment interest at the statutory rate.

(H) Grant Plaintiff such additional relief as the Court deems just and proper.

Respectfully Submitted,

**THE SAMMARCO LAW FIRM, LLC**

/s/ *Alissa J. Sammarco*
Alissa J. Sammarco - 0077563
Attorney for Plaintiff
810 Sycamore ST, 5th Floor
Cincinnati, Ohio 45202
Telephone: 513-763-7700
Facsimile: 513-763-7704
Email: AJS@SammarcoLegal.com

**JURY DEMAND**

Now comes Plaintiff and demands trial by jury.

/s/ *Alissa J. Sammarco*
Alissa J. Sammarco– 0077563
Attorney for Plaintiff