# UNITED STATED DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION, CINCINNATI OFFICE

| | | |
|---|---|---|
| **JANE DOE,** | : | Case No.: **1:25-CV-00035-MWM** |
| Plaintiff, | : | **JUDGE Matthew W. McFarland** |
| vs. | : | |
| **CARROLS CORPORATION, D.B.A. BURGER KING, et al.** | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY

Now Comes Plaintiff, by and counsel, and moves the Court to proceed in this case under the pseudonym "Jane Doe". Plaintiff's true identity is known to Defendants and will be disclosed to the Court. This Motion is supported by the attached Memorandum in Support, Affidavit of Dr. Stuart W. Bassman, attached hereto as Exhibit 1.

Respectfully Submitted,

**THE SAMMARCO LAW FIRM, LLC**

/s/ *Alissa J. Sammarco*
Alissa J. Sammarco - 0077563
Attorney for Plaintiff
810 Sycamore ST, 5th Floor
Cincinnati, Ohio 45202
Telephone: 513-763-7700
Facsimile: 513-763-7704
Email: AJS@SammarcoLegal.com

**MEMORANDUM IN SUPPORT**

**Facts**

The Complaint establishes that Plaintiff is now an 18-year-old female and former employee of Defendant Carrols Corporation D.B.A. Burger King. (Doc #1, PageID #2). On or about May 23, 2023, through June 2023, Plaintiff was a 16 year-old who was working for Defendant Burger King in Oxford Ohio as a fast food worker. (Doc #1, PageID #2) While working for Burger King, and while under the superivision of Defendant Jason Lindsey, and other managers and superivsors, Lindsey coerced Plaintiff into sexual acts and harassed her sexually and exchanged money for said acts. (Doc #1, PageID #4).

Plaintiff brings federal claims against Defendant Burger King and its manager Jason Lindsey, for violations of Title VII as well as state claims. (Doc #1) The Complaint was filed under the pseudonym "Jane Doe," as Plaintiff is the victim of childhood sexual abuse and publicity of her true identity will cause further unwarranted trauma to her. (Doc #1, PageID #2)

**LAW AND ARGUMENT**

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Under certain circumstances, however, the district court may allow a plaintiff to proceed under a pseudonym by granting a protective order. *Porter*, 370 F.3d at 560. In determining whether to grant such an order, district courts consider: (1) whether the plaintiff is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child. *Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*,

653 F.2d 180, 185–86 (5th Cir. 1981)).

In *Doe v. Mitchell,* Case No. 2:20-cv-00459, 2020 WL 6882601, Magistrate Judge Litkovitz was faced with a situation in which an adult female was suing the City of Columbus and a police officer for civil rights violations, alleging she was raped by the officer during the course and scope of his employment. Judge Litkovitz found that the balance of factors weighed in favor of a finding that plaintiff Jane Doe's "privacy interests substantially outweigh the presumption of open judicial proceedings." 2020 WL 6882601 at *5. Federal courts have long recognized the privacy interests of alleged sexual assault victims and have held that those privacy interests "outweigh the presumption in favor of openness." *Id.* (string cite omitted). The Court then recognized that, in describing the rapes, the plaintiff in that case would be required to reveal information of the utmost intimacy, such that there were compelling reasons to protect her privacy. *Id.* at *6. The Court also recognized that the first factor - whether plaintiff is seeking anonymity to challenge government activity - applied in favor of anonymity. *Id.* Finally, the Court found that 3 defendants were not prejudiced by the anonymity, given that the plaintiff's true identity would be disclosed to them.

Even more recently, in *Doe v. Streck,* 522 F.Supp.3d 332, Case No. 3:20-cv-00513, Judge Michael Newman granted a motion to proceed pseudonymously. The facts in that case were similar to those in *Doe v. Mitchell,* with plaintiffs alleging they had been sexually assaulted by employees of the sheriff's office on government property. Judge Newman found that the first two *Porter* factors weighed in favor of plaintiffs. *Id.* at 334. The Court also found that the defendants will not be prejudiced, as they had been provided the true names of the plaintiffs. *Id.*

The facts of this case also weigh in favor of pseudonymity. Indeed, the factors are even more compelling in this case than in *Doe v. Mitchell* and *Doe v. Streck* because Plaintiff was a

3

minor at the time of the sexual exploitation. Attached is an Affidavit from a highly-qualified psychological expert who testified in a Minnesota case about the devastating effects upon child sex abuse survivors who are forced to reveal their exploitation in the public record. The reasoning set forth in the Affidavit applies equally to this matter.

## CONCLUSION

For the reasons stated above, Plaintiff moves for an Order permitting her to proceed in this case under the pseudonym "Jane Doe."

Respectfully Submitted,

**THE SAMMARCO LAW FIRM, LLC**

/s/ *Alissa J. Sammarco*
Alissa J. Sammarco - 0077563
Attorney for Plaintiff
810 Sycamore ST, 5th Floor
Cincinnati, Ohio 45202
Telephone: 513-763-7700
Facsimile: 513-763-7704
Email:  AJS@SammarcoLegal.com

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was electronically filed with the Clerk of Court on December 29, 2025, using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Alissa J. Sammarco*
Alissa J. Sammarco - 0077563
Attorney for Plaintiff