IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JANE DOE, | : | Case No. 1:25-cv-35 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CAROLS CORPORATION, | : | |
| D/B/A BURGER KING, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion to Proceed Pseudonymously (Doc. 16) and Defendant's Motion to Strike (Doc. 22). Both are now fully briefed and ripe for review. (*See* Docs. 18, 21, 25, 27.) For the following reasons, the Court **DENIES** Defendant's Motion to Strike (Doc. 22) and **GRANTS** Plaintiff's Motion to Proceed Pseudonymously (Doc. 16).

## BACKGROUND

Plaintiff, who seeks to proceed pseudonymously as "Jane Doe," was a minor employed by Defendant Carrols Corporation—doing business as Burger King. (Compl., Doc. 1, ¶¶ 6, 13-14.) While working for Defendant Carrols Corporation, Plaintiff was allegedly induced by Defendant Jason Lindsey (her manager) to "take pictures of herself showing her private parts." (*Id.* at ¶¶ 16-17.) Defendant Lindsey then allegedly exchanged money for these pictures. (*Id.* at ¶ 19.) The Complaint further alleges that

Defendant Carrols Corporation knew Defendant Lindsey had a history of sexual conduct with minor employees. (*Id.* at ¶¶ 21-22.) As a result of Defendants' conduct, Plaintiff has allegedly experienced "severe mental and emotional injuries which required treatment." (*Id.* at ¶ 27.)

On January 28, 2025, Plaintiff filed the present lawsuit for claims of sex discrimination, intentional infliction of emotional distress, negligent infliction of emotional distress, retaliatory discharge, and negligence. (Compl., Doc. 1, ¶¶ 29-58.) Plaintiff has since moved to proceed pseudonymously. (Motion, Doc. 16.) Defendant Carrols Corporation filed a Response in Opposition (Doc. 18), to which Plaintiff filed a Reply in Support (Doc. 21). Defendant then filed a Motion to Strike Portions of Plaintiff's Reply (Doc. 22), which has also been fully briefed. (*See* Response, Doc. 25; Reply, Doc. 27.) These matters are now ripe for the Court's review. Though Defendant Lindsey has not yet entered an appearance in this matter, the Court finds it appropriate to rule on these preliminary matters. *See Doe v. Shaw Elec. Co.*, No. 24-CV-10746, 2024 WL 1815459, at *1 (E.D. Mich. Mar. 28, 2024) (citing *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2004)).

## LAW AND ANALYSIS

### I. Motion to Strike

The Court begins by considering Defendant's Motion to Strike (Doc. 22). Specifically, Defendant seeks to strike the references to a confidential settlement document within Plaintiff's Reply in Support of Motion to Proceed Pseudonymously. (Motion to Strike, Doc. 22; *see also* Confidentiality Agreement, Doc. 21-1, Pg. ID 107-10.)

2

Though Federal Rule of Civil Procedure 12(f) contemplates striking *pleadings*, a court "has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Dowell v. Bernhardt*, No. 3:19-CV-105, 2019 WL 6909461, at *6 (M.D. Tenn. Dec. 19, 2019) (emphasis omitted); *see also Stephenson v. Fam. Sols. of Ohio, Inc.*, 499 F. Supp. 3d 467, 475 (N.D. Ohio 2020); *Am. C.L. Union of Kentucky v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010). Striking materials from the record is usually a disfavored practice. *Hlfip Holding, Inc. v. Rutherford Cnty., Tennessee*, No. 3:19-CV-714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020).

Here, Defendant contends that the Court should strike any reference to the pre-litigation confidentiality agreement between the parties because it constitutes settlement communications protected from disclosure under Federal Rule of Evidence 408. (Motion to Strike, Doc. 22, Pg. ID 112.) This evidentiary rule provides, in relevant part, that statements "made during compromise negotiations about the claim" are generally "not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. Such statements, however, can be admitted for "another purpose." *Id.* Plaintiff, in turn, argues that the confidentiality agreement is not covered by Rule 408 and—in any event—serves the limited purpose of establishing "that Defendant was on notice that the issues raised in the Complaint are of the utmost intimacy for this Plaintiff." (Response, Doc. 25, Pg. ID 126.) Upon review, the Court will not strike Plaintiff's references to the confidentiality agreement at this time. That being said, the fact that the parties entered into such an agreement does not affect the following analysis.

3

## II. Motion to Proceed Pseudonymously

Generally, "the complaint must name all the parties." Fed. R. Civ. P. 10(a). "Proceeding anonymously is disfavored, and the Court has an independent duty to determine whether to permit a party to proceed anonymously." *Malibu Media, LLC v. Doe*, No. 3:14-CV-378, 2015 WL 1120063, at *2 (S.D. Ohio Mar. 12, 2015). Specifically, a court may permit a party to proceed pseudonymously when "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The decision to grant such an exemption lies within a court's sound discretion. *See id.* Such discretion, in turn, is guided by the following non-exhaustive factors: (1) whether the individual "seeking anonymity [is] suing to challenge governmental activity;" (2) whether pursuit of the lawsuit "will compel the plaintiff[] to disclose information 'of the utmost intimacy;' (3) whether the litigation compels plaintiff[] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff [is a child]." *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). Other pertinent considerations "include the risk of prejudice to the defendant's right to mount a defense, the potential of psychological harm to a plaintiff subject to public identification, and whether the plaintiff might suffer harm to his reputation and economic interests." *Poe v. Lowe*, 756 F. Supp. 3d 537, 544 (M.D. Tenn. 2024) (collecting cases).

The first *Porter* factor does not support pseudonymity since Plaintiff is challenging private activity, rather than governmental activity. *Poe*, 756 F. Supp. 3d at 545; *Doe v. Cuyahoga Cnty. - Off. of Cnty. Exec.*, No. 1:22-CV-1677, 2023 WL 2374870, at *2 (N.D. Ohio

4

Mar. 6, 2023) ("Courts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid.") (cleaned up).

Turning to the second factor, the Court considers whether this litigation will require Plaintiff to disclose information of the utmost intimacy. *Poe*, 756 F. Supp. 3d at 545. Plaintiff alleges that, at age sixteen, she was induced by her adult manager to "take pictures of herself showing her private parts." (Compl., Doc. 1, ¶ 17; Motion, Doc. 16, Pg. ID 70; Reply, Doc. 21, Pg. ID 101.) The manager then allegedly purchased these images from Plaintiff. (Compl., Doc. 1, ¶ 19.) District courts around the Sixth Circuit—as well as the nation—frequently permit victims alleging sexual-based harms to proceed pseudonymously. *See, e.g., Poe*, 756 F. Supp. 3d at 545 (collecting cases); *Doe by & through Doe v. St. Edward High Sch.*, No. 22-CV-440, 2022 WL 2717018, at *3 (N.D. Ohio July 13, 2022) (collecting cases); *King v. Ursuline High Sch.*, No. 4:25-CV-1822, 2025 WL 2958221, at *2 (N.D. Ohio Oct. 17, 2025) (collecting cases); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (collecting cases). Though Defendant highlights that the allegations in the Complaint do not amount to hands-on sexual misconduct (Response, Doc. 18, Pg. ID 89-91), the intimate nature of these allegations still supports pseudonymity. *See, e.g., Doe v. R.A.*, No. 2:25-CV-11247, 2025 WL 3527400, at *1 (E.D. Mich. Dec. 9, 2025) (concluding that this factor favors pseudonymity in cases involving child pornography); *Doe v. Streeter*, No. 4:20-CV-11609, 2020 WL 6685099, at *1 (E.D. Mich. Nov. 12, 2020) (collecting cases); *Roe as next friend for Pia v. Richardson*, No. 2:23-CV-1199, 2023 WL 5628428, at *1 (D. Nev. Aug. 30, 2023)

5

("Courts . . . routinely allow plaintiffs alleging to be victims of child pornography offenses to proceed under pseudonyms."). "Child pornography offenses," after all, "implicate the same concerns as child sexual abuse offenses in that they involve the sexual exploitation of minors." *Casseaopeia v. Brown*, No. 2:22-CV-251, 2022 WL 1606520, at *2 (D. Utah May 20, 2022).

Moreover, Plaintiff has pointed to evidentiary support from her psychologist that, "within a reasonable degree of psychological certainty, [she] will suffer additional psychological harm and exacerbation of her underlying conditions should she be required to proceed in litigation under her own name . . . [given] her already fragile psychological condition." (Bassman Aff., Doc. 23, Pg. ID 119.) As for background, Plaintiff has suffered "severe emotional distress and psychological harm requiring hospitalization and ongoing treatment." (Reply, Doc. 21, Pg. ID 101; *see also* Compl., Doc. 1, ¶ 27.) This line of reasoning further supports permitting Plaintiff to proceed pseudonymously. *See, e.g., St. Edward High Sch.*, 2022 WL 2717018, at *3; *Poe*, 756 F. Supp. 3d at 544-46; *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-395, 2021 WL 5041286, at *7 (M.D. Tenn. Oct. 29, 2021); *Doe v. Williams Bowers Mgmt. LLC*, No. 3:23-CV-477, 2023 WL 12091154, at *6 (M.D. Tenn. Nov. 7, 2023); *C.S. v. Stay Inn*, No. 3:25-CV-2322, 2026 WL 73819, at *2 (N.D. Ohio Jan. 9, 2026).

As for the third factor, the parties appear to dispute whether this litigation will compel Plaintiff "to disclose an intention to violate the law, thereby risking criminal prosecution." *Porter*, 370 F.3d at 560. Specifically, Plaintiff argues that "[c]hild pornography is a crime, and Plaintiff may be asked to testify regarding her actions and

intent." (Reply, Doc. 21, Pg. ID 101 n.2.) Defendant rebuts that the Oxford Police Department has thus far declined to press charges regarding the underlying allegations in the Complaint due to the lack of evidence. (Motion to Strike, Doc. 22, Pg. ID 113; Craney Decl., Doc. 22-1, Pg. ID 117-18.) Without more specifics, the Court does not find this factor to particularly support Plaintiff proceeding pseudonymously.

As for the final factor, Plaintiff's allegations all center upon sexual harm as a minor. Courts have recognized "heightened protection" in lawsuits closely involving children. *Porter*, 370 F.3d at 561; *King*, 2025 WL 2958221, at *2. Though Plaintiff has since reached the age of majority, some courts have regularly looked to the age of the litigant at the time of the allegations. *See King*, 2025 WL 2958221, at *2 ("When considering requests to proceed anonymously, federal courts thus routinely consider the victim's age at the time of the sexual assault. . . ."); *St. Edward High Sch.*, 2022 WL 2717018, at *3 (explaining that the plaintiff "was a young teenager at the time of the alleged assaults, and the sensitive nature of the allegations has not diminished simply because [the plaintiff] has been a legal adult for the past two months"); *Streeter*, 2020 WL 6685099, at *1 (collecting cases permitting pseudonymity when the plaintiffs alleged sexual-based harms that occurred when they were children); *Lowe*, 756 F. Supp. 3d at 546 ("Although Plaintiff is a young adult, he is not a child now, *nor was he at the time that the relevant facts occurred*.") (emphasis added).

Still, other courts have emphasized whether the plaintiff was still a minor at the time of filing the lawsuit. *See, e.g., Ramsbottom v. Ashton*, No. 3:21-CV-272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021) (collecting cases); *Doe v. Montcalm Cnty. Sheriff's*

7

*Dep't*, No. 1:25-CV-418, 2025 WL 1255219, at *2 (W.D. Mich. Apr. 28, 2025). Viewed through the lens of either the "utmost intimacy" prong or the "childhood" prong, the nature and timing of Plaintiff's allegations further support pseudonymity. In other words, even assuming arguendo that this last prong concerning Plaintiff's age does not favor pseudonymity, the Court's conclusion below would remain unchanged.

Other considerations further support Plaintiff's request to proceed pseudonymously. Plaintiff contends that litigating in her own name would chill others from bringing lawsuits based upon sexual harms as a child. (Reply, Doc. 21, Pg. ID 101-02.) Courts have found such reasoning to be persuasive. *See, e.g., Doe as next friend for Jessy v. Dinkfield*, No. 2:19-CV-1554, 2019 WL 4233579, at *2 (C.D. Cal. June 5, 2019) ("[A]llowing victims of child pornography to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes and seeking civil remedies."); *M.O. v. Brightview LLC*, No. 1:25-CV-15, 2025 WL 307284, at *3 (S.D. Ohio Jan. 27, 2025); *Williams Bowers Mgmt. LLC*, 2023 WL 12091154, at *7.

At this juncture, the Court also finds that Defendants will not be prejudiced by Plaintiff proceeding pseudonymously. Plaintiff has already disclosed her identity and certain confidential information to Defendant Carrols. (Reply, Doc. 21, Pg. ID 104.) *See Brightview LLC*, 2025 WL 307284, at *2 (crediting such representations and finding no prejudice); *Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021) ("As Defendants have already been provided with Plaintiffs' first and last names, Defendants will not be prejudiced if Plaintiffs proceed pseudonymously."); *Casseaopeia*, 2022 WL 1606520, at *3.

8

Collectively, these considerations demonstrate that the "privacy interests substantially outweigh the presumption of open judicial proceedings" in this particular case. *Porter*, 370 F.3d at 560. Plaintiff may proceed pseudonymously.

## CONCLUSION

For all these reasons, the Court **DENIES** Defendant's Motion to Strike (Doc. 22) and **GRANTS** Plaintiff's Motion to Proceed Pseudonymously (Doc. 16).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND