IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JANE DOE, | : | Case No. 1:25-cv-35 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CARROLS CORPORATION, | : | |
| D/B/A BURGER KING, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Plaintiff's Response to Show Cause Order (Doc. 15). Specifically, the Court instructed Plaintiff to show cause as to why her claims against Defendant Jason Lindsey should not be dismissed without prejudice for failure to perfect service. (Show Cause Order, Doc. 14.)

In response, Plaintiff asserts that service was perfected via certified mail. (Response, Doc. 15, Pg. ID 61.) However, Plaintiff has not provided evidence that a signed green card was received in response to certified mailing. (*Id.*) Thus, Plaintiff has yet to perfect service. *See* S.D. Ohio Civ. R. 4.2 (explaining the Clerk's role in service by certified mail); *Piercey v. Miami Valley Ready-Mixed Pension Plan*, 110 F.R.D. 294, 296 (S.D. Ohio 1986) (outlining the requirements for certified mail, including evidence that "the green card was signed and mailed back"); *Rockwell v. Sterling & King*, No. 2:04-CV-586, 2005 WL 8161781, at *4 (S.D. Ohio Apr. 1, 2005) (same); *Duwe v. Montgomery*, No. 3:25-CV-99, 2025

WL 1651972, at *3 (S.D. Ohio June 11, 2025), *report and recommendation adopted*, No. 3:25-CV-99, 2025 WL 1792713 (S.D. Ohio June 30, 2025) (noting that the green cards had been filed but were not signed by the defendants).

That leaves the question of next steps. Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the event that the Court does not find proper service, Plaintiff has requested an additional ninety (90) days to perfect service. Seven factors guide the Court's discretion in addressing whether good cause warrants an extension in this context: "(1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).

Upon review, the Court finds good cause to extend the service deadline—especially in light of Plaintiff's repeated good faith efforts to perfect service and the lack of prejudice. (*See* Response, Doc. 15, Pg. ID 63-68.) At the same time, the Court is cognizant that the Complaint was filed on January 28, 2025. (*See* Compl., Doc. 1.) The Court hereby **EXTENDS** the time for Plaintiff to properly serve Defendant Jason Lindsey by **sixty (60) days** from the date of this Order. Failure to perfect such service may lead to dismissal of Plaintiff's claims against Defendant Jason Lindsey.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND